[No. 1831.  Decided December 18, 1895.]

S. O. MORFORD, *Appellant,* v. C. H. FRYE *et al., Respondents.*

FINDINGS OF COURT — SUFFICIENCY OF EVIDENCE — CONTRACTS — CONSTRUCTION — PURCHASE OF HAY IN STACKS.

A finding by the court that there was no agreement between the parties to a sale of stacks of hay as to reducing their cubical contents to tons in accordance with certain measurements cannot be sustained, when the seller's testimony establishing such agreement, though flatly contradicted by that of the buyer, is corroborated by the buyer's letters stating that he has computed the number of tons in a mode corresponding to that of the agreement as testified to by the seller and enclosing checks in payment for the hay estimated on that basis, and no dispute as to the correctness of such mode was raised by the buyer until a mistake in his computation of the number of tons on that basis was discovered, and a demand made upon him for additional payments. (GORDON, J., dissents).

An agreement between parties to a sale of stacks of hay, that the measurements of each stack shall be taken, and that one stack shall be baled and weighed as a basis for ascertaining the amount of hay in all the stacks, implies an agreement, in the absence of any other agreement, that the number of tons in all the stacks bear the same proportion to the number of tons in the stack weighed as the total measurements of such stacks bear to the measurement of the stack weighed.

Appeal from Superior Court, King County.— Hon.
RICHARD OSBORN, Judge.    Reversed.

*Frank H. Rudkin,* for appellant.
*Mitchell Gilliam,* for respondents.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to recover a
balance alleged to be due for the purchase price of
certain stacks of hay sold and delivered by the plain-
tiff to the defendants, and for a balance alleged to be
due for feeding said hay to the stock of the defend-
ants.

There was no dispute as to the fact of the sale and
delivery of a certain number of stacks of hay, nor of
the fact of its having been fed to the stock of the de-
fendants by the plaintiff; and the amount of money
paid by the defendants to the plaintiff was agreed
upon.   The difference between the parties arose from
their respective claims as to the number of tons of
hay contained in the stacks sold.   Upon this question
it was stipulated that at the time the hay was pur-
chased the entire twenty-four stacks were measured
by the plaintiff and the defendants, and the following
dimensions thereof taken: (1) the length of each
stack; (2) the distance over the top of each stack from
base to base; and (3) the width of each stack; and the
dimensions of each of the stacks so measured were
also stipulated.

It was further stipulated that, at the time of such
sale and delivery, it was agreed between the plaintiff
and the defendants that one certain stack should be
baled and weighed as a basis for ascertaining the
whole number of tons of hay in the twenty-four stacks.
It was further admitted that the stack designated as

the one to be baled, was baled and weighed and found to contain twenty-five and one-eighth tons. The plaintiff claimed that as a part of the agreement by which these measurements were taken and the one. stack baled and weighed, it was understood that the cubical contents of each stack should be determined by multiplying the length by the width and that product by one-third of the distance over from base to base; and introduced testimony tending to show that such was the fact. The defendants claimed that there was no agreement as to the method to be taken to determine from the measurements the cubical contents of each stack, and introduced testimony tending to prove such claim.

Some time after the hay was delivered, the plaintiff presented a claim to the defendants, in which the amount of hay in the several stacks, as compared with that in the stack weighed, was figured in accordance with the rule which it was claimed by him had been agreed upon between the parties. Upon receiving such claim and statement, the defendant who, for himself and the other defendants, had transacted all of the business connected with the purchase of the hay, wrote the plaintiff three letters, of which the following are copies:

"You certainly made a mistake in your figures on the hay. The number of cubic feet in the stack we baled are 15,598 feet instead of 13,324 feet, the figures you gave me. That will cut quite a figure in the number of tons. I figured that same as you did, dividing the over by three and multiplying that by the base and length. Please look over your figures and try again."

"You certainly must have made a mistake in your figures, figuring on a basis that that stack weighed out, I make it 482¼ tons, at $4.75 = $2,290.70. I paid

you on November 12th, $1,504.60; on December 10th, $500.00, leaving a balance due you $286.10, for which you find inclosed a check payable to your order. I counted the figures on that board carefully, and made them 50,090 pounds, but I figured the stack at 50,250. Mr. Splan says there was about 100 pounds left in his baler; think you will find these figures correct. If I made a mistake I will rectify it."

"Inclosed find cheque of $307.81, balance due you for feeding cattle and wire. I have gone over my figures carefully and they are correct. I figured the hay as per contract.

It is contended by the plaintiff that these letters furnish absolute proof of the correctness of his contention as to the manner in which the cubical contents of the several stacks of hay were to be determined, and that their force was such as to estop the defendants, in the absence of any allegation of mistake or fraud, from claiming the right to estimate such contents by any other rule. There is force in this contention, and, if it were necessary to the decision of the case, we should probably sustain it. But it is not necessary to determine as to the exact legal effect of these letters. It is enough for us to say that they furnished such confirmation of the testimony of the plaintiff, and were so contradictory of that offered on the part of the defendants, that the findings of fact by the trial court, in accordance with the claim of the defendants, were so clearly against the evidence that notwithstanding the force which must here be given to the findings of fact of the trial court, they cannot be allowed to stand. There was no fact shown by the testimony of the defendants, which offered any adequate excuse for having written these letters, if the facts in reference to the manner in which the hay was to be estimated were as contended for by them;

while their having been written is consistent with all of the facts in the case upon the theory as to measurement testified to by the plaintiff. Not only was the testimony of the defendants contradicted by these letters, but it was further contradicted by the fact that they paid the plaintiff fully for the hay upon an estimate made by them upon the basis contended for by the plaintiff, and from all that appears would have paid him all he claimed, if they had not made a mistake in figuring the cubical contents of the stack agreed upon as a basis. That they did not then contend for the rule for finding such contents upon which they now rely is made further to appear by the fact that they paid the plaintiff quite an amount more than the hay would have come to estimated upon that basis.

Under all the circumstances, we think the findings of the superior court upon the proofs as to the method to be adopted in estimating the cubical contents of the stacks, should have been in accordance with the claim of plaintiff; and as there is no dispute as to the fact that when so estimated and reduced to tons by comparison with the measurements of the stack weighed, the amount of hay sold and delivered was as stated in the complaint of plaintiff, the findings of the court should have conformed to the claim stated in the complaint.

But it is not necessary for the determination of this case to decide this disputed question of fact, for the reason that if, as claimed by the defendants, there was no agreement as to how the cubical contents of each stack should be determined from the measurements taken by the parties, it would follow as a matter of law from the fact of the measurements of each stack having been taken, and the agreement made

that one stack should be baled and weighed as a basis for ascertaining the amount of hay in all the stacks, that as the measurements of the stack to be weighed were to the tons found in such stack by weighing, so would the total similar measurements of all the stacks be to the total number of tons contained therein. The result from the solution of this proportion will be found to correspond with the claim of the plaintiff. When it was agreed that all of the stacks should be measured in a certain way, and that the actual weight of one of the stacks should be determined as a basis for determining the weight of all, the law, in the absence of any other agreement, would presume that the relation of the weight to the measurements taken of the stack to be weighed were the same as the measurements to the weight of the other stacks. In the absence of some agreement as to the method by which the cubical contents of each stack should be determined by the measurements taken, the law would presume that the object of such measurements and the weighing of one of the stacks as a basis for estimating the weight of all, would be for the purpose of enabling a compound proportion to be stated as above set forth.

It follows that as a matter of law, even if the testimony of the defendants be taken as true, their contention as to the amount of hay contained in the stacks cannot be sustained. It is therefore unnecessary for us to determine the question of fact raised by the contradictory proofs on the part of the plaintiff and defendants. But in view of the fact that in our opinion the trial court failed to give the force which it should to the admissions in writing on the part of the defendants, we have thought it necessary to say

that upon all of the proofs the findings of fact could not be sustained.

The judgment will be reversed and the cause remanded with instructions to enter a judgment for the amounts claimed by the plaintiff.

DUNBAR, SCOTT and ANDERS, JJ., concur.

GORDON, J. (*dissenting*).—I am not convinced that the findings were without competent evidence to support them; hence I respectfully dissent.